IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-01970-CMA-NRN

MICHAEL MCCORMACK,

   Plaintiff,

v.

VINCENT TALTY,

   Defendant.

## ORDER

This matter is before the Court on the Recommendation of former United States Magistrate Judge Nina Y. Wang. (Doc. # 82). Judge Wang recommends denying Plaintiff's Motion to Amend Complaint (Doc. # 68), and Plaintiff objects to that recommendation (Doc. # 86). For the following reasons, the Court affirms and adopts Judge Wang's Recommendation as an order of this Court.

### I.  BACKGROUND

This is an excessive-force case. Plaintiff, Michael McCormack, claims that Denver Police Officer Vincent Talty jerked and twisted his arm during an arrest "until a bone in [McCormack's] right wrist broke, a ligament tore, and a tendon was damaged." (Doc. # 11, ¶ 62). McCormack is now suing Talty under 42 U.S.C. § 1983 for violating the Fourth Amendment prohibition on unreasonable seizures. (Doc. # 11).

1

After about 18 months of litigation, Plaintiff moved to amend his Complaint to add an overtight handcuff claim. (Doc. # 68-2, ¶¶ 29-36). Although Plaintiff acknowledged that the deadline to amend pleadings had passed, he argued that this late amendment is justified because it "is based on new information learned in discovery in September 2021." (Doc. # 68, p. 8). The "new information" Plaintiff cites is a rebuttal expert report from one of his retained experts, Dr. Ugorji, in which Dr. Ugorji opines that Plaintiff suffered a "double crush" nerve injury that may have been caused by overtight handcuffs. (Doc. # 78, p. 5; Doc. # 78-3).

This Court referred the Motion to Amend to Judge Wang, who recommended denying the Motion. (Doc. # 82). Judge Wang reasoned that McCormack had failed to establish good cause for a late amendment, as required by F.R.C.P. 16, because he had facts available to him at the outset of this case that would have allowed him to allege a tight-handcuff claim in his original complaint. (Doc. # 82, p. 15).

McCormack now objects to Judge Wang's Recommendation. (Doc. # 86). He argues, "Judge Wang overlook[ed] that although there were some 'facts' to support an overlight [sic] handcuff claim," at the outset of this case, "there was not the critical fact that Plaintiff had suffered a non-*de minimis* injury from the tight handcuffs." (Doc. # 86, p. 8). "This," McCormack contends," was a newly discovered fact that was not obtained until September 3, 2021," and which constitutes good cause to amend the complaint. (Doc. # 86, p. 8).

The Court agrees with Judge Wang.

2

## II. LEGAL STANDARDS

### A. REVIEW OF A MAGISTRATE JUDGE RECOMMENDATION

When a magistrate judge issues a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). When a magistrate judge issues an order in a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." F.R.C.P. 72(a).[1]

### B. AMENDING PLEADINGS AFTER SCHEDULING ORDER DEADLINE

When a plaintiff seeks to amend the pleadings after the deadline in the scheduling order, he must demonstrate (1) good cause to modify the scheduling order, as required by F.R.C.P. 16(b)(4); and (2) that amendment is proper under F.R.C.P. 15(a). *See Gorsuch, Ltd., B.D. v. Wells Fargo Nat'l Bank* Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). To establish good cause under Rule 16, the plaintiff must show that "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id*. (quoting *Pumpco, Inc. v. Schenker Intern., Inc.*, 202 F.R.D 667, 668 (D. Colo. 2001). To establish that amendment is proper under Rule 15, the plaintiff must only show that "justice [] requires" amendment, F.R.C.P. 15(a). Courts have described the Rule 15 standard as more lenient than the Rule 16 standard, and courts will generally deny leave to amend

---

[1] Though the parties agree that the Motion to Amend is nondispositive, Judge Wang issued a Recommendation on the matter rather than an order. As a result, it is somewhat unclear whether the Court should apply the "clearly erroneous" standard for nondispositive orders, or the de novo standard for dispositive recommendations. However, because Judge Wang's Recommendation is clearly correct under either standard, the Court need not decide which standard governs the peculiar circumstances of this case.

under Rule 15 only in cases of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). However, the moving party must satisfy both Rule 16 and Rule 15; failure to satisfy either rule is a basis for denying a motion to amend. *Gorsuch*, 771 F.3d at 1241.

### III.   ANALYSIS

Judge Wang determined that Plaintiff had failed to show good cause to modify the scheduling order, as required by Rule 16. This Court agrees. Plaintiff concedes that "[t]he facts of the incident have been known to the Parties since the inception of the case[.]" (Dc. # 86, p. 14). Specifically, on the date of the underlying arrest – July 4, 2018 – Plaintiff was aware of "the handcuffs being tight, injury, and pain[.]" (Doc. # 86, p. 7). Nevertheless, he waited nearly four years before attempting to plead a tight-handcuff claim. Judge Wang determined, and this Court agrees, that Plaintiff had failed to provide an adequate justification for this lengthy delay.

Plaintiff argues, however, that he "did not have facts to establish the legal elements of a tight handcuff claim until September 3, 2021." (Doc. # 86, p. 6). That day, Plaintiff's retained expert, Dr. Ugorji, reviewed "new imaging" of Plaintiff's wrist and "informed Plaintiff's counsel that the imaging showed an additional injury to Plaintiff's wrist known as 'double crush syndrome.'" (Doc. # 68, pp. 7-8). Plaintiff claims that, before Dr. Ugorji's review, he believed that the only injury he had sustained as a result of the overtight handcuffs was "temporary pain." (Doc. # 86, p. 8). Because temporary pain is not an "actual injury," sufficient to support an excessive force claim, (*see Cortez*

4

*v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007)), Plaintiff argues that he could not have asserted an excessive-force claim based on overtight handcuffs until Dr. Ugorji's diagnosis. This argument fails.

The fact that Plaintiff *did not* discover the alleged double-crush injury until 2021 does not mean that he *could not* have discovered the injury earlier through the exercise of reasonable diligence. Plaintiff has had access to his medical records since the inception of this case, and he was free to consult with Dr. Ugorji at any time. He offers no good reason why he waited more than three years after the underlying incident to seek Dr. Ugorji's input.[2]

Further, even if it had been appropriate to wait until September, 2021 to amend the Complaint, Plaintiff failed to file his Motion to Amend at that time. Rather, he waited until February 4, 2022 – more than five months after Dr. Ugorji discovered the alleged injury – to file the instant Motion. (Doc. # 68). Though Plaintiff claims that this additional delay was the result of "the need to save costs during settlement negotiations," (Doc. # 68, p. 8), he cites no authority to suggest that "the need to save costs" constitutes good cause for waiting an additional five months to file a Motion to Amend.[3]

Plaintiff argues, however, that denying his Motion to Amend would put "an impossible burden on the plaintiff to step into the shoes of medical experts" and "ferret

---

[2] Plaintiff suggests that Defendant prevented him from discovering this injury by providing him with lower-resolution medical images than he provided to his own expert. But Plaintiff points to no evidence in the record to support this claim, and in any event, Plaintiff has had access to his complete medical records since the inception of this case. Defendant did not and could not prevent Plaintiff from accessing any and all pertinent medical imaging.

[3] Contrary to Plaintiff's claims, the case as a whole was not stayed during this period. Judge Wang vacated certain deadlines while the parties negotiated a possible settlement, (Doc. # 53), but she did not preclude Plaintiff from seeking to amend his complain during that time.

out all possible injuries they may have sustained." (Doc. # 86, p. 11). Further, Plaintiff argues, it is not his "job" to identify his own injuries: "it is the physician's job as a medical expert to diagnose injuries." (Doc. # 86, p. 11). This argument is unpersuasive. It is Plaintiff's obligation, as they party who initiated this case, to plead his claims in a timely fashion. He cannot delegate that responsibility to a physician who is not a party to this case. If Plaintiff believes that his treating providers failed to properly diagnose his injuries, he may assert that claim in a separate action. For purposes of this lawsuit, however, it was Plaintiff's responsibility – and his alone – to assert his claims in a timely fashion. Because he failed to do so, he is precluded from amending his complaint.

## IV.   CONCLUSION

Having reviewed this matter *de novo*, the Court finds that Judge Wang's Recommendation is correct and that Plaintiff has failed to establish good cause to modify the scheduling order. The Court therefore

ORDERS that the Recommendation of former United States Magistrate Judge Nina Y. Wang (Doc. # 82) is AFFIRMED and ADOPTED as an order of this Court. It is

FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (Doc. # 68) is DENIED.

DATED: August 24, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge